**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SHAWN MILNER,
      Plaintiff,

      v.                                    Case No. 3:23-CV-223 (OAW)

LUPIS, et al.,
      Defendants.

## <u>ORDER</u>

Pro se plaintiff, Shawn Milner, has filed a complaint asserting five claims; namely, that: (1) Dr. Lupis was deliberately indifferent to Plaintiff's serious medical needs by discontinuing his anti-seizure medication; (2) medical staff Defendants Baez, Good, Kudas, and Diaz were deliberately indifferent to his serious medical needs by failing to treat Plaintiff in response to his claims that the anti-seizure medication had been discontinued, and of pain; (3) Dr. Lupis was deliberately indifferent to plaintiff's serious medical needs by failing to follow another doctor's order that Plaintiff be seen by a neurologist; (4) Defendants Laprey and Mata subjected Plaintiff to unconstitutional conditions of confinement by sending him to a court appearance without his anti-seizure medication; and (5) violation of Title II of the Americans with Disabilities Act.

On June 14, 2023, the court noted the brief period of time between the date the complaint was filed and the incidents underlying it, and ordered Plaintiff to show cause why this case should not be dismissed for failure to exhaust his administrative remedies on all claims before commencing this action.  ECF No. 15.  Plaintiff responded to the

1

order, attaching copies of a health services administrative remedy form with a response dated March 1, 2023.[1]  ECF No. 16 at 3-7.  Plaintiff also argues that he was not required to exhaust his administrative remedies because he filed a motion for temporary restraining order in the case.  *Id.* at 1.

The Prison Litigation Reform Act ("PLRA") requires that all inmates exhaust administrative remedies before filing a federal lawsuit related to prison conditions.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  The exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes."  *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002).

The PLRA requires "proper exhaustion"; inmates must comply with all steps required by the administrative review process applicable to the institution in which they are confined.  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court."  *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011); *see also Jones*, 549 U.S. at 211.

---

[1] Plaintiff appends to his response a motion to compel production of video surveillance footage and a request for admission.  As the court has not yet determined whether this case should proceed to service, the motion to compel is denied as prematurely filed.  In addition, discovery requests, such as a request for admission, are not properly filed with the court.  *See* D. Conn. L. Civ. R. 5(f).

2

The procedure involves an informal resolution attempt, a grievance, and a grievance appeal.  Each step includes time for the prison official to respond: fifteen business days for the informal resolution attempt, and thirty days for the grievance and grievance appeal.  *See* Dir. 9.6(6); Dir. 8.9(6).  Each step also includes directions for proceeding to the next step if a response is not received.  *Id*.

Exhaustion of administrative remedies is an affirmative defense on which the defendant bears the burden of proof.  *See Jones*, 549 U.S. at 216.  However, the district court may dismiss a complaint for failure to exhaust administrative remedies where that failure appears on the face of the complaint.  *See id*. at 214-15 (complaint may be dismissed sua sponte "when an affirmative defense ... appears on its face"); *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("inmates are not required to specifically plead or demonstrate exhaustion in their complaints," but noting that "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement") (quoting *Jones*, 549 U.S. at 215-16).  The court ordered Plaintiff to address exhaustion because it appeared impossible for Plaintiff to have completed the exhaustion process in the time between the incidents underlying this action and the filing of the complaint, at most twenty-four days for the deliberate indifference to medical needs claims and only eight days for the conditions of confinement claim.

In response to the court's order, Plaintiff submitted only a health services administrative remedy complaining about the lack of medical treatment.  *See* ECF No.16.  That remedy was denied on March 1, 2023.  *Id*. at 5.  Thus, although Plaintiff

now has exhausted his administrative remedies on his three deliberate indifference to medical needs claims, he did not do so before he filed this action in February.  *See* ECF No. 1.  Plaintiff submits no evidence of exhaustion regarding his conditions of confinement or ADA claims.

Exhaustion of administrative remedies must be completed before the inmate files suit.  *Baez v. Kahanowicz*, 278 F. App'x 27, 29 (2d Cir. 2008).  Completing the exhaustion process after the complaint is filed does not satisfy the exhaustion requirement.  *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001); *see also Girard v. Chuttey*, 826 F. App'x 41, 44-45 (2d Cir. 2020) (inmate failed to exhaust administrative remedies because he commenced action in district court before appeal was decided or response period elapsed).

Special circumstances will not relieve an inmate of his obligation to comply with the exhaustion requirement.  An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable.  *See Ross v. Blake*, 578 U.S. 632, 642 (2016).  The Supreme Court of the United States has determined that "availability" in this context means that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of."  *Id.* (quotation marks and internal citations omitted).

The Court in *Ross* identified three circumstances in which a court may find that internal administrative remedies are not available to prisoners under the PLRA.  *Id.* at 643-44.  First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with

4

officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, an administrative remedy is not "available" when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644. The United States Court of Appeals for the Second Circuit has noted that "the three circumstances discussed in *Ross* do not appear to be exhaustive[,]" *Williams*, 829 F.3d at 123 n.2. In considering the issue of availability, however, the court is guided by these illustrations. *See Mena v. City of New York*, No. 13-CV-2430(RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016).

Plaintiff has not identified any circumstances rendering administrative remedies unavailable. While he utilized the administrative remedy procedures on his deliberate indifference to medical needs claims, he filed this case before the process concluded. He provides no evidence of exhaustion or reasons for unavailability of administrative remedies on the remaining two claims.

Plaintiff argues that exhaustion should be excused because he has filed a motion for temporary restraining order relating to his medical treatment. ECF No. 16 at 1. In support of his position, Plaintiff cites *Marvin v. Goord*, 255 F.3d 40 (2d Cir. 2001). In *Marvin*, the United States Court of Appeals for the Second Circuit remanded a case to the district court for such court to determine whether the prisoner was required to exhaust administrative remedies when he sought preliminary injunctive relief seeking urgent medical care. *Id.* at 43. No cases since *Marvin* have found an "urgent medical

5

relief" exception to the exhaustion requirement.  *See, e.g., Rivera v. Pataki*, No. 01 Civ.
5179(MBM), 2003 WL 21511939, at *6 (S.D.N.Y. July 1, 2003).  Indeed, finding such an
exception would be contrary to Supreme Court cases holding that exhaustion is
mandatory and that the PLRA exhaustion requirement eliminates "judicial discretion to
dispense with exhaustion."  *Porter*, 534 U.S. at 529; *see also Booth v. Churner*, 532
U.S. 731, 741 n.6 (2001) ("[W]e stress the point that we will not read futility or other
exceptions into statutory exhaustion requirements where Congress has provided
otherwise.").  More recently, the Second Circuit has affirmed the denial of a motion for
preliminary injunction where the underlying claims were not exhausted.  *See Green
Haven Prison Preparative Meeting of Religious Soc'y of Friends v. New York State
Dep't of Corr. & Cmty. Supervision*, 16 F.4th 67, 81-83 (2d Cir. 2021).

As Plaintiff did not exhaust his administrative remedies on any claim included in
this action before he filed the Complaint, the case is DISMISSED without prejudice for
failure to exhaust administrative remedies.  Plaintiff may file a new action to assert any
claims for which he has properly and fully exhausted his administrative remedies.

Along with his request to be excused from the exhaustion requirement, Plaintiff
asks the court to reconsider the denial of all motions he filed in this case.  As the court
has concluded that the failure to properly exhaust administrative remedies before
commencing this action cannot be excused and, therefore, that the case must be
dismissed, Plaintiff's request is denied as moot.

IT IS SO ORDERED at Hartford, Connecticut, this 11th day of January, 2024.

                                                    /s/

Omar A. Williams
United States District Judge

7